**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AAR, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-0007** |
| **CENTURY INVESTMENT GROUP, LLC, ET AL** | **SECTION: "S" (5)** |

      **consolidated with**

| | |
|---|---|
| **ST. BERNARD PARISH GOVERNMENT** | **CIVIL ACTION** |
| | **NO. 08-4194** |
| **VERSUS** | |
| | **SECTION: "S" (5)** |
| **AAR, INC. AND RANDY NUNEZ** | |

<u>**ORDER AND REASONS**</u>

_____The motion to remand (Doc. #4) in No. 08-4194 by Randy Nunez is **DENIED**.

**BACKGROUND**

On January 2, 2008, AAR, Inc. filed suit (No. 08-0007) in this court, alleging diversity jurisdiction. The defendants are Century Investment Group, LLC, the Parish of St. Bernard, Peter Marino and James McGuire. AAR seeks to recover monies that AAR allegedly earned for work in St. Bernard Parish after Hurricane Katrina, pursuant to a subcontract between Century and St. Bernard. AAR alleges that defendants are liable to it under theories of breach of contract, unjust

enrichment, breach of duty, conversion, negligence and/or fraudulent misrepresentations.  AAR contends that the Parish failed to obtain a payment bond and that Century has received a portion of the payment for AAR's work for the Parish.[1]

On July 18, 2008, St. Bernard filed a petition for concursus in state court.  St. Bernard alleges that St. Bernard submitted Century's invoices for AAR's work to FEMA for reimbursement, and received $ 159,850.00, which sum is owed to AAR.  St. Bernard further contends that Randy Nunez has an assignment of Century's accounts receivable, which includes AAR's claim; that Nunez and AAR are unable to agree as to the distribution of the FEMA reimbursements; and that Nunez and AAR have agreed to resolve their dispute in a concursus proceeding.  St. Bernard requests that AAR and Nunez assert their claims contradictorily, and that there be judgment exonerating St. Bernard of any further liability.

On August 14, 2008, AAR removed the state concursus suit to this court (No. 08-4194), alleging federal jurisdiction under 28 U.S.C. §§1332 (diversity), 1335 (interpleader), 1367 (supplemental jurisdiction), and 1397 (interpleader).   AAR contends that on or before August 28, 2008, St. Bernard deposited the funds into the state court.  On September 23, 2008, AAR amended its notice of removal, alleging that the dispute concerns claim holders who are minimally diverse because AAR is domiciled in Texas and defendant Nunez is domiciled in Louisiana.

Nunez has moved to remand, arguing that no federal jurisdiction exists because the defendants in the state concursus, AAR and Nunez, are non-diverse and because no federal claim

---

[1]Default judgments were rendered against Century, Marino and McGuire.

is asserted in the state court concursus petition.

## ANALYSIS

### 1.  Legal Standard

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[2]

After the expiration of the 30-day period for removal, a notice of removal may be amended to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice.[3]   Amendments to a notice of removal are allowable to make technical corrections or additions, rather than alleging a new basis for federal jurisdiction that did not exist earlier.[4]

A Louisiana concursus action is an action in the nature of an interpleader.[5]   Interpleader actions are removable under 28 U.S.C. §1335 where 1) there is at least $500 in controversy, 2) two or more adverse claimants are diverse, and 3) the funds in dispute have been deposited in the registry of the court.[6]

---

[2]*Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[3]*See DJ McDuffie, Inc. v. Old Reliable Fire Ins.. Co.*, 608 F.2d 145, 146 (5th Cir. 1979).

[4]*See* 28 U.S.C. §1653; *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919-20 (5th Cir. 2001); *Whitmire v. Victus Ltd. T/A Master Design Furniture*, 212 F.3d 885, 887-90 (5th Cir. 2000).

[5]*Usry v. Price*, 325 F.2d 657, 658 n. 1 (5th Cir. 1963).

[6]*See* 28 U.S.C. §1335; *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623 (5th Cir. 2002); *Tucker v. Shreveport Transit Management Inc.*, 226 F.3d 394 (5th Cir. 2000).

In determining whether diversity jurisdiction exists, "the court is not bound by the way plaintiff formally aligns the parties in his original pleading."[7] "It is the court's duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute."[8] The generally accepted test of proper alignment is whether the parties with the same ultimate interest in the outcome of the action are on the same side.[9]

## 2. Motion to Remand

According to Nunez, removal is improper because St. Bernard and Nunez are non-diverse; because he did not consent to the removal; because St. Bernard has not deposited funds in the registry of this court; and because he was "collusively joined" in the removed action.

AAR contends that because AAR and Nunez are adverse to each other for the funds deposited in the state court registry by St. Bernard, the parties to the removed action should be realigned with Nunez as the plaintiff and AAR as the defendant.

It is undisputed that Nunez and AAR are adverse with regard to the proceeds that St. Bernard received from FEMA. Because Nunez and AAR are styled as defendants in the state court proceeding and have the same ultimate interest in the outcome of the action, realignment is warranted with Nunez as the plaintiff and AAR as the defendant.[10] With realignment, Nunez's status

---

[7]*Lowe v. Ingalls Shipbuilding*, 723 F. 2d 1173, 1177 (5th Cir. 1984).

[8]*Lowe*, 723 F.2d at 1177-78 (*citing* Wright, Miller & Cooper, *Fed. Pract. and Proc: Jurisdiction* §3605 ("the federal court must determine the position of each party on the matters in dispute, and align the parties according to their true interests, at which point the relationship of the parties to one another determines whether diversity jurisdiction still may be maintained") and §3607.

[9]*Lowe*, 723 F.2d at 1177-78 (*citing* Wright, Miller & Cooper, *Fed. Pract. and Proc: Jurisdiction* §3607).

[10]*See Lowe*, 723 F.2d at 1177-78 (*citing* Wright, Miller & Cooper, *Fed. Pract. and Proc: Jurisdiction* §3607).

4

as plaintiff renders Nunez's consent unnecessary for removal.

The requirements of an interpleader action under 28 U.S.C. §1335 are met: the removed action concerns at least $500 in controversy; the two adverse claimants are diverse, and the funds in dispute have been deposited in the registry of the court.[11]   Accordingly, the state concursus proceeding is removable, and this court has jurisdiction under 28 U.S.C. §1335.[12]

The motion to remand is **DENIED**.

New Orleans, Louisiana, this  17th  day of December, 2008.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[11]*See* 28 U.S.C. §1335.  Nunez argues that no interpleader jurisdiction exists because the St. Bernard has not deposited the funds with this court; however, the court has confirmed that St. Bernard has deposited the funds in state court and has therefore satisfied the interpleader requirement of depositing the amount in controversy into the registry of the court.  Nunez also asserts that he was "collusively joined" in the removed action.  Nunez has not provided the court with any evidence of collusion.

[12]*See* 28 U.S.C. §1335; *Hussain,* 311 F.3d at 623; and *Tucker,* 226 F.3d at 394.

5