UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AAR, INC. | CIVIL ACTION |
| VERSUS | NO: 08-0007 |
| CENTURY INVESTMENT GROUP, LLC, ET AL | SECTION: "S" (5) |
| consolidated with | |
| ST. BERNARD PARISH GOVERNMENT | CIVIL ACTION |
| VERSUS | NO. 08-4194 |
| AAR, INC. AND RANDY NUNEZ | SECTION: "S" (5) |

## ORDER AND REASONS

The Motion for Summary Judgment (Doc. #53) by defendant AAR, Inc., is **GRANTED**.

## BACKGROUND

Civil action No. 08-4194 is a concursus proceeding instituted by St. Bernard Parish to determine the proper distribution of $159,850 paid to St. Bernard by FEMA for post-Katrina emergency work. The two defendants in the concursus are AAR, Inc., a subcontractor who performed the work pursuant to a contract with the general contractor, Century Investments Group, LLC; and Randy Nunez, an assignee of Century's accounts receivable.

Following Hurricane Katrina, Century entered into a contract with the Parish of St. Bernard to provide clean up. On September 15, 2005, Century entered into a subcontract with AAR, which was to provide front-end loaders and other things to assist with the cleanup. AAR billed Century for its work, and Century, in turn, submitted its invoices to St. Bernard. St. Bernard then submitted the invoices to the Federal Emergency Management Agency, which paid St. Bernard $159,850 on those invoices.[1]

Randy Nunez is a St. Bernard Parish attorney whose parents lost their home in the storm. In November 2006, with the assistance of their son, they contracted with Century for the purchase and construction of a modular home. The modular home that Century delivered was uninhabitable. Nunez contacted Century, which informed him that the company could not afford to correct the problems of the home, and suggested that in lieu of legal action, Century assign its accounts receivable to Nunez. On June 19, 2007, Century entered into a contract with Nunez whereby the damaged home was returned to Century, and Century assigned to Nunez "certain receivables" due from St. Bernard, "which receivables are scheduled to be paid by the Federal Emergency Management Agency." The issue in this concursus is whether, under the assignment, Nunez is entitled to funds received by St. Bernard for services provided by AAR.

On January 2, 2008, AAR filed suit (No. 08-0007) against Century, the Parish of St. Bernard, and others, to recover $542,058 for the work that AAR performed in St. Bernard Parish from October 3, 2005, to September 26, 2006, pursuant to the contract between Century and St. Bernard,

---

[1]This sum represents payment of only a portion of the work performed by AAR, and is the only sum involved in this motion. Recently filed motions (Doc. #87 and 88) assert that FEMA actually paid twice that amount, some of which has been paid to Nunez.

and the subcontract between Century and AAR. AAR alleged that these defendants were liable to it under theories of breach of contract, unjust enrichment, breach of duty, conversion, negligence and/or fraudulent misrepresentations. On June 19, 2008, default judgments were rendered against Century and others for $542,058, plus legal interest.

On July 18, 2008, St. Bernard filed a petition for concursus in state court. St. Bernard stated that it submitted Century's invoices for AAR's work to FEMA, and received $159,850 from FEMA in payment thereof. St. Bernard informs that it has been put on notice by Nunez that he has an assignment of accounts receivable from Century, and that Nunez claims entitlement to the funds, and requested that the court decide the claims of the competing claimants to the funds.[2] Nunez argues that under the assignment he is entitled to any FEMA payments made to St. Bernard. On the other hand, AAR argues that any FEMA payments to St. Bernard are payable to AAR for specific work under its subcontract with Century.

On August 14, 2008, AAR removed the state concursus suit to this court (No. 08-4194), and the matter was consolidated with No. 08-0007. The FEMA proceeds of $159,850 paid to St. Bernard were placed in the registry of this court, pending resolution of the concursus.

AAR moved for summary judgment that it is entitled to withdraw the funds from the court's registry in partial satisfaction of the previous default judgment that it obtained against Century and others for $542,058, and in payment of work performed under its contract with Century.

---

[2] *See* La. C.C.P. art. 4653

3

**ANALYSIS**

**1. Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[3] Because there is no disputed issue of fact, the question is whether AAR is entitled to judgment as a matter of law.

**2. Motion for Summary Judgment**

AAR seeks summary judgment that it is entitled to the funds that St. Bernard has deposited into the court's registry. In support of its motion, AAR relies upon AAR's invoices to Century; Century's invoices to St. Bernard; the $542,058 default judgment against Century, which constitutes a judicial mortgage against Century in favor of AAR; and upon an unsworn, undated and unauthenticated note signed by James McGuire of Century which states:

> This letter is to acknowledge that as of 12/08/06 Century Investment Group still has a [sic] outstanding debt to AAR INC. for past work done in St. Bernard Parsh [sic] in the amount of Five Hundred forty two thousand fifty eight dollars (542,058.00). And there is [sic] no offsets and or credits to that amount.

AAR argues that the assignment of Century's rights to Nunez does not affect AAR's entitlement to those funds, and that the assignment does not grant Nunez a secured interest or preference. AAR contends that Nunez's purported assignment only affects Nunez's entitlement to funds which Century was owed at the time of the assignment. AAR argues that Century was not

---

[3] *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

owed any of the funds deposited by St. Bernard because the amount of $159,850 represented sums due for work performed by AAR under the contracts between Century and St. Bernard, and Century and AAR.

Nunez argues that its assignment should be paid in preference to AAR's claim.[4] Nunez claims that his assignment was obtained before AAR's default judgment against Century, and that he is entitled to the money before AAR, even though Century may owe AAR money. The assignment provides:

> WHEREAS, Assignor has this date delivered to Assignee an Assignment ... of certain receivables ...., due from the St. Bernard Parish Government, Chalmette, La., which receivables are scheduled to be paid by the Federal Emergency Management Agency; and in connection thereof, Assignee agrees to pay Assignor [$125,000.00] in cash of which [$85,000] is to be paid upon the signing of this document. The remaining balance of [$40,000] will be paid when Assignee, Randy S. Nunez, is paid in full for the above referenced receivable by the St. Bernard Parish Government ...

In Louisiana, "[t]he assignor can assign no better rights than he has, and the assignee, of course, acquires no better rights or anything more than the assignee has."[5] In other words, an assignor cannot assign something it did not own. The assignee "steps into the shoes" of the

---

[4] Nunez argues that the invoices submitted by AAR to obtain its default judgment against Century do not match the invoice numbers listed by St. Bernard Parish as those paid by FEMA for the work allegedly performed by AAR in St. Bernard Parish after the storm. St. Bernard submitted copies of the pertinent invoices from Century to St. Bernard, and from AAR to Century. St. Bernard explains that Century's invoice numbered 185 through 190, totaling $210,202.50, correlate to AAR's invoices 5509, 5510, 5511, 5533 and 5534, totaling $159,850.

[5] *P.P. Williams & Co. v. Roach,* 125 So. 465, 468 (La. App. 2nd Cir. 1929).

5

assignor.[6]

In this case, Century assigned "certain receivables ... due from St. Bernard Parish Government ... to be paid by [FEMA]." It is clear that when Century allegedly assigned "certain receivables" to Nunez, AAR had already performed and billed Century for the work in St. Bernard. At the time of the purported assignment, Century owed money to AAR and Century had billed that amount to St. Bernard, which in turn billed FEMA. It is undisputed that FEMA's payment of those invoices represents payment for the particular work performed by AAR. Additionally, the acknowledgment of the debt by Century clearly contradicts Century's ability to assign those funds. If Century had been a claimant in the concursus proceeding, Century could not have prevailed against AAR. The assignment did not confer on Nunez any rights that Century did not have to the funds at issue. The assignment between Century and Nunez could not defeat AAR's entitlement to those funds, which are directly attributable to AAR's work.

There are no genuine issues of material fact and AAR is entitled to summary judgment. The motion for summary judgment is **GRANTED.** The clerk of court is directed to release the funds in the registry of the court to AAR.

---

[6]*Hose v. Younger Bros.,Inc.*, 878 So.2d 548, 550 (La. Ct. App. 2004). *See also* 1 Saul Litvinoff, the Law of Obligations, §17.35, at 557, Louisiana Civil Law Treatise (2201):

> The assignment of a right takes place between the obligee and the third person-assignee. ... An assignment does not alter the nature of the obligation, as a consequence of which the obligor may raise against the assignee those defenses he might have raised against the original obligee-assignor.

New Orleans, Louisiana, this 22nd day of May, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**