# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AAR, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-0007 C/W 08-4194** |
| **CENTURY INVESTMENT GROUP, LLC, ET AL.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff AAR, Inc.'s Second Motion for Summary Judgment (Doc. #146) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Randy Nunez's Counter-Motion for Summary Judgment (Doc. #156) is **DENIED**.

## BACKGROUND

Before the court are cross motions for summary judgment filed by plaintiff, AAR, Inc. ("AAR") and defendant, Randy Nunez ("Nunez"). AAR contends that it is entitled to summary judgment against Nunez for sums paid by the Federal Emergency Management Agency ("FEMA") to St. Bernard Parish for a contract for Hurricane Katrina debris removal. Nunez argues that he is entitled to summary judgment against AAR, because he has a valid assignment of the FEMA

money, and AAR's claim is perempted due to AAR's failure to perfect its lien and timely file suit pursuant to the Louisiana Public Works Act ("LPWA"), Louisiana Revised Statutes § 38:2211, *et seq*.

After Hurricane Katrina, Century Investment Group, LLC ("Century") entered into a contract with St. Bernard Parish to provide debris removal services. On September 15, 2005, Century entered into a subcontract with AAR was to provide front-end loaders and other equipment to assist with the hurricane debris cleanup. AAR billed Century for its work, and Century, in turn submitted its invoices to St. Bernard Parish. St. Bernard Parish then submitted the invoices to FEMA. On December 20, 2007, St. Bernard Parish submitted a claim in the amount of $319,822.50 to FEMA for work done on the Century contract for the period of January 20, 2006 to March 10, 2006. On March 28, 2008, FEMA paid the claim.

AAR claims that it was not paid by Century for $542,058.00 worth of work it performed under the subcontract from October 3, 2005 to September 26, 2006. Century acknowledged that, as of December 8, 2006, Century owed $542,058.00 to AAR for work done under the subcontract, without offsets or credits. On January 2, 2008, AAR filed suit against St. Bernard Parish, Century, and Century's members, James McGuire ("McGuire") and Peter Marino ("Marino"), in the United States District Court for the Eastern District of Louisiana to recover the unpaid sum (Civil Action No. 08-00007). AAR alleged that the defendants were liable under theories of breach of contract, unjust enrichment, breach of duty, conversion, negligence, and/or fraudulent misrepresentations. On June 19, 2008, default judgments were rendered against Century, McGuire, and Marino for

$542,058.00, plus interest. AAR subsequently added Nunez as a defendant to this action. AAR has settled with St. Bernard Parish. Thus, Nunez is the only remaining defendant.

Nunez is an attorney who works in St. Bernard Parish. Nunez's parents lost their home in Hurricane Katrina. In November 2006, Nunez helped his parents enter a contract with Premier Designed Homes, LLC ("Premier") for the purchase and construction of a modular home. Premier delivered a modular home to Nunez's parents that was uninhabitable. Nunez then contacted McGuire, a member of both Century and Premier, to discuss the issue. McGuire informed Nunez that Premier could not afford to correct the problems with Nunez's parents' home, and suggested that in lieu of legal action, McGuire would assign Century's accounts receivable to Nunez. On June 19, 2007, Century entered into a contract with Nunez whereby Century assigned to Nunez "certain receivables" due from St. Bernard Parish, "which receivables are scheduled to be paid by the Federal Emergency Management Agency."

After FEMA paid St. Bernard Parish's $319,822.50 claim, St. Bernard Parish determined that $159,850.00 of that money corresponded to AAR's invoices. St. Bernard Parish then deducted $159,850.00 from the $319,822.50 and paid the remaining $159,972.50 to Nunez on May 2, 2008, pursuant to the above-referenced assignment.

Then, on July 18, 2008, St. Bernard Parish filed a petition for concursus in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. St. Bernard Parish stated that it submitted Century's invoices for AAR's work to FEMA, and received $159,850.00 from FEMA in payment thereof. St. Bernard Parish alleged that it had been put on notice by Nunez that he has an assignment of accounts receivable from Century, that Nunez claims entitlement to the funds, and

requested that the court decide the claims of the competing claimants to the funds. Nunez argues that under the assignment he is entitled to any FEMA payments made to St. Bernard Parish for work performed under the Century contract. On the other hand, AAR argues that any FEMA payments to St. Bernard Parish for work performed under its contract with Century are payable to AAR.

AAR removed the state concursus suit to the United States District Court for the Eastern District of Louisiana (Civil Action No. 08-4194) and the matter was consolidated with AAR's other suit regarding amounts due under its subcontract with Century (Civil Action No. 08-00007). The remaining FEMA proceeds of $159,850.00 paid to St. Bernard Parish were placed in the registry of the court, pending resolution of the concursus.

AAR moved for summary judgment arguing that it was entitled to withdraw the funds from the court's registry in partial satisfaction of the previous default judgment that it obtained against Century and its members for $542,058.00, and in payment for work performed under its contract with Century. The court granted AAR's motion, awarding it the $159,850.00 that was deposited in the court's registry. The court found that Century could not assign its rights to the FEMA money to Nunez because Century acknowledged its debt to AAR, and AAR was entitled to the money for work it performed under the subcontract. The court reasoned that Century could not confer to Nunez any rights that Century did not have to the funds.

AAR filed this second motion for summary judgment arguing that it is entitled to the $159,972.50 in FEMA money that St. Bernard Parish paid to Nunez. AAR contends that it is entitled to the money because Century acknowledged its debt to AAR, Century did not owe any debts to Nunez, and Century's assignment of its accounts receivable to Nunez was fraudulent. Nunez filed

4

a cross motion for summary judgment arguing that AAR is not entitled to the FEMA money that he received because AAR failed to perfect its lien as required by the LPWA. Nunez also asks the court to reconsider and reverse its previous ruling that AAR was entitled to the money placed in the concursus proceedings for those same reasons.

## ANALYSIS

**1.  Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.  Motions for Summary Judgment**

AAR contends that it is entitled to the FEMA funds Nunez received from St. Bernard Parish. AAR argues that Nunez had no right to receive those funds because Century acknowledged its debt

5

to AAR, Century did not owe any debts to Nunez, and Century's assignment of its accounts receivable to Nunez was fraudulent. AAR also argues that, even if the assignment to Nunez was valid, Nunez would only be entitled to any amounts over and above the amounts due to AAR, because Century cannot assign greater rights than Century had to the funds.

Nunez argues that he is entitled to the FEMA funds that he received from St. Bernard Parish, and the funds from the concursus that the court awarded to AAR. Nunez argues that AAR is not entitled to the money because it failed to perfect its lien and timely file suit under the LPWA. Nunez argues that AAR's claim to the money received by St. Bernard Parish is perempted, and that AAR's only claim is against Century for breach of contract.

### A. The Louisiana Public Works Act

The LPWA applies to contracts by local public entities for the construction of public works or the acquisition of materials or supplies. LA. REV. STAT. § 38:2211(A)(10). Under the LPWA a "public work" is defined as "the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity." Id. at § 38:2211(A)(12). The LPWA does not apply to contracts for services, professional or otherwise. LA. ATTY. GEN. OP. NO. 07-0061, 2007 WL 100701 (La. A.G. 3/1/07).

In Regency Const., Inc. v. Lafayette City-Parish Consol. Gov't, 847 So.2d 796, 798 (La. Ct. App. 2003), the Court of Appeal of Louisiana for the Third Circuit held that a contract for the removal of hurricane debris was not subject to the LPWA. The court noted that the contract was not a contract for the purchase of materials or supplies, and then analyzed whether the contract was for a "public work." Id. The court found that the contract was not for the erection, construction,

6

alteration, improvement, or repair of public property, and noted that the contract also involved performing work on private property. Id.

The Louisiana Attorney General, citing Regency Construction, issued an opinion in which he stated that debris removal contracts are not covered by the LPWA. LA. ATTY. GEN. OP. NO. 07-0061, 2007 WL 100701 (La. A.G. 3/1/07). Specifically, the Louisiana Attorney General found that a contract entered into by St. Bernard Parish for the removal of debris left by Hurricanes Katrina and Rita was a service contract, not a public works contract, and thus not subject to the LPWA. Id.

Also, in United Disaster Response, LLC v. Omni Pinnacle, LLC, 2009 WL 901763 (E.D. La. 3/25/09) (J. Lemelle), the court relied on Regency Construction and Louisiana Attorney General Opinion No. 07-0061 and held that the LPWA did not apply to a contract entered into by St. Tammany Parish for the removal of debris left by Hurricane Katrina. Judge Lemelle noted that the interpretation that service contracts are not public works contracts is consistent with Louisiana jurisprudence. Id. Prior to the enactment of La. Rev. Stat. § 38:2211(A)(12), which defines "public work," the Supreme Court of Louisiana held that "the term means a building, physical improvement, or other fixed construction." Id. (quoting Wallace Stevens, Inc. v. Lafourche Parish Hosp. Dist., 323 So.2d 794, 796 (La. 1975). Additionally, cases decided after the enactment of La. Rev. Stat. § 38:2211(A)(12) continue to refer to the definition set forth by the Supreme Court of Louisiana in Wallace Stevens. Id. (citing Waste Mgmt. of Cent. La. v. Beall, 880 So.2d 923, 931 (La. Ct. App. 2004); Barbay Prop. Holding Corp. v. Boh Bros. Constr. Co., LLC, 991 So.2d 74, 80 (La. Ct. App. 2008)).

Century entered into contract with St. Bernard Parish for the removal of debris left by Hurricane Katrina. AAR was a subcontractor that did work under that contract. The contract between Century and St. Bernard Parish, and the subcontracts thereunder, were service contracts that were not subject to the LPWA. Thus, AAR did not have to follow the provisions of the LPWA regarding the perfection of a lien or time for filing suit in order to collect the FEMA money from St. Bernard Parish. Therefore, Nunez's motion for summary judgment is denied.

### B. Century's Assignment to Nunez

AAR argues that it is entitled to the FEMA money Nunez received because Century owed a debt to AAR, which was acknowledged by Century, and AAR has a default judgment in the amount of $542,058 against Century. AAR contends that Nunez's purported assignment only affects Nunez's entitlement to funds which Century was owed at the time of the assignment. AAR argues that Century was not owed any of the FEMA money because Century acknowledged its debt to AAR. Nunez argues that his assignment is valid and should be paid in preference to AAR's claim.

As the court stated in its Order and Reasons granting AAR's first motion for summary judgment, in Louisiana, "[t]he assignor can assign no better rights than he has, and the assignee, of course, acquires no better rights or anything more than the assignor has." P. P. Williamson & Co. v. Roach, 125 So. 465, 468 (La. Ct. App. 1929). In other words, an assignor cannot assign something it did not own. The assignee "steps into the shoes" of the assignor. Hose v. Younger Bros., Inc., 878 So.2d 548, 550 (La. Ct. App. 2004).

Century assigned to Nunez "certain receivables" due from St. Bernard Parish "to be paid by [FEMA]." The purported assignment occurred on June 19, 2007. Prior to that date, AAR had

already performed and billed Century for work in St. Bernard Parish. Indeed, Century acknowledged that as of December 8, 2006, it owed $542,058.00 to AAR for work done under the subcontract, without offsets or credits. The acknowledgment of this debt contradicts Century's ability to assign the FEMA funds. The purported assignment could not confer on Nunez any rights that Century did not have to the funds, and the assignment could not defeat AAR's entitlement to the funds. Thus, AAR's motion for summary judgment is granted.

## CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff AAR, Inc.'s Second Motion for Summary Judgment (Doc. #146) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Randy Nunez's Counter-Motion for Summary Judgment (Doc. #156) is **DENIED**.

New Orleans, Louisiana, this __5th__ day of February, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**